UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BENNIE U. STAFFORD, | Civil File No. 07-667 (JRT/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MINN. DEPT. OF CORRECTIONS, ET AL. JOAN FABIAN, JEFF PETERSON, SHANNON REIMANN, JOHN KUESEL, REGINA STEPNIE, KITTY TORGERUD, JEFF CARLSON, LYNN DINGLE, DAWN BLOCK, BILL McKEE, TOM A, and SHARA EUTENEUER, | |
| Defendants. | |

This case is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a).  (Docket No. 2.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed without prejudice.

Plaintiff commenced this action on January 31, 2007, by filing a complaint, and several other collateral documents.  (Docket Nos. 1-5.)  He did not pay the $350 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is an inmate at the Minnesota Correctional Facility at Stillwater, Minnesota, his IFP application is subject to the requirements of the Prison Litigation Reform

Act of 1995, ("PLRA").  This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $4.00.  However, Plaintiff did not tender his statutorily required initial partial filing fee with his complaint and IFP application.  Therefore, by order dated February 6, 2007, (Docket No. 6), Plaintiff was directed to pay his $4.00 initial partial filing fee by no later than March 1, 2007.  The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due, nor has he offered any excuse for his failure to do so.  Therefore, in accordance with the prior order of February 6, 2007, the Court will now recommend that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the

orderly and expeditious disposition of cases").[1]

Finally, given the Court's determination that this action should be summarily dismissed, it will also be recommended that Plaintiff's "Motion to Proceed under Minn.Const.Art. I § 8 For emergency purposes, and to Waive Copies," (Docket No. 3), be summarily denied.[2]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's "Motion to Proceed under Minn.Const.Art. I § 8 For emergency purposes, and to Waive Copies," (Docket No. 3), be **DENIED**;

3. Plaintiff's "Emergency Motion to Stay this case for Filing into the U.S. Court of Appeal For the 8th Cir.," (Docket No. 7), be **DENIED** with regard to Plaintiff's request for a stay, but **GRANTED** with regard to his alternative request for dismissal; and

─────────────────────────

[1] On February 12, 2007, Plaintiff filed a document identified as "Emergency Motion to Stay this case for Filing into the U.S. Court of Appeal For the 8th Cir." (Docket No. 7.) In that document, Plaintiff asks for "emergency leave to stay and/or a Motion to Dismiss this Case, so that the Plaintiff can Bring this Action into the U.S. Court of Appeals For the 8th Cir." Although the true objective of Plaintiff's latest submission is not readily discernible, it appears that he may be voluntarily abandoning this action, and intending to seek relief in some new proceeding that he plans to initiate in the Eighth Circuit Court of Appeals. In any event, Plaintiff's latest submission does not address the fee requirement imposed by the Court's prior order, and, if anything, it only reinforces the Court's determination that he does not intend to pursue this action in the District Court at this time. To the extent that Plaintiff seeks to "stay" the present action, the Court will recommend that his motion be denied; but his alternative request to "dismiss" this action obviously can be granted.

[2] Plaintiff's other collateral motion, entitled "Motion to Add Additional defendants," (Docket No. 4), was denied by the Court's prior order of February 6, 2007.

    4.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 2, 2007

                                  _s/ Arthur J. Boylan_____
                                    ARTHUR J. BOYLAN
                                    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before March 19, 2007.